## LEAVE TO AMEND AFTER VERDICT.

Common Pleas Court of Hamilton County.

### KUNE FRANK v. THE CINCINNATI TRACTION CO.

Decided, April, 1908.

*Pleading—Application of the Rule where Negligence is Averred—Discreation as to Permitting Amendments—Action Against Traction Company for Frightening Horse.*

Where the evidence of the plaintiff shows that a flawless petition could be filed, the rule that plaintiff will be limited to acts of negligence specifically averred will not be applied; but a motion by the defendant for judgment *non obstante veredicto* will be overruled and its motion for a new trial granted in order to give opportunity for filing an amendment.

*Chas. L. Swain* and *Chas. H. Jones,* for plaintiff.
*Joseph Wilby* and *Geo. P. Stimson,* contra.

HUNT, J.

In the original petition upon which plaintiff rested her case at the time of the trial, the only allegation of negligence is "that the motorman negligently and carelessly started said car, throwing snow over, upon and about the said horse, scaring and causing said horse to run away," etc.

Plaintiff's evidence did not tend to support the allegation as to the throwing of snow over, upon and about the horse. At the close of plaintiff's testimony defendant made a motion for an instructed verdict in its favor, and the court, examining the evidence in accordance with the rule laid down in *Railroad Company* v. *Kistler,* 66 O. S., 326-333, that is, limited by the acts of negligence specifically and definitely averred in the petition, was about to grant the motion when plaintiff asked leave to file an amended petition in accordance with her evidence. This amended petition was allowed to be filed, and the defendant was ordered to forthwith plead thereto. The defendant objected to the action of the court, and the objection being

overruled, the defendant permitted its original answer of general denial to stand as its answer to the amended petition, and again made a motion for an instructed verdict in its favor. This motion was overruled.    The defendant offered no evidence, and submitted the case to the jury.

The amended petition sets up additional facts of alleged negligence, such as starting the car after the motorman had stopped it at the request of plaintiff because her horse had become restive and before plaintiff had fully passed the car, but not alleging any knowledge, actual or constructive of the motorman as to plaintiff's peril, and therefore not bringing the case within the rules laid down in *Mahoning Valley S. E. Railway* v. *Houston,* 9 C. C.—N. S., 408.

While the court in the exercise of its discretion has the right to permit amendments to pleadings at any time before judgment, yet in the midst of a jury trial amendments should not be allowed except in cases where they are clearly without possible prejudice to the other parties to the cause.

Moreover, if the rule applied to the original petition was applied to the amended petition and the evidence offered by plaintiff, defendant's motion for an instructed verdict should have been granted.

As the evidence of the plaintiff without the application of said rule shows that a flawless petition could be filed, and that the defendant could then have the usual time to plead thereto and produce his evidence, the motion of the defendant for judgment *non obstante veredicto* will be overruled and its motion for a new trial will be granted.